IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-18-594 |
| | § | |
| JORGE MADERO-GIL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Jorge Madero-Gil, has filed Defendant's Motion to Dismiss the Indictment ("Defendant's Motion") (Docket Entry No. 15), to which the United States has filed its Opposition to Defendant Jorge Madero-Gil's Motion to Dismiss the Indictment ("Government's Response") (Docket Entry No. 17).

The Government's Response (Docket Entry No. 17), which is supported by the exhibits attached thereto, establishes the following facts:

> Madero-Gil, a citizen of Mexico, is charged by indictment with illegal re-entry into the United States, a violation of 8 U.S.C. § 1326(a) and (b)(1). *See* Dkt. No. 1. Sometime before December 11, 2014, Madero-Gil entered into the United States without obtaining legal status. On December 11, 2014, Madero-Gil was arrested by the Harris County Sheriff's Office for the offense of Assault Public Servant. On January 22, 2015, the Defendant was convicted of a lesser offense of resisting arrest and sentenced to 180 days confinement in the Harris County Jail. *See* Exhibit 1. On February 26, 2015, Madero-Gil was

encountered and interviewed at the Harris County Jail
by an Immigration Officer, where it was determined that
the Defendant was not a citizen of the United States
and was in fact a citizen and national of Mexico who
was not legally in the United States. Madero-Gil was
given a copy of the I-247 Immigration and Detainer –
Notice of Action. See Exhibit 2. . . .

At some point prior to or on March 8, 2015,
Madero-Gil was transferred from the Harris County Jail,
to the custody of United States Immigration and Customs
Enforcement (ICE) officials. On March 8, 2015,
Madero-Gil received a Notice to Appear (NTA) before an
Immigration Judge (IJ) for the purpose of a deportation
hearing. See Exhibit 4.[1] Madero-Gil signed the notice
and further requested an expedited hearing, waiving his
right to the 10-day waiting period. Ex. 4.
Madero-Gil's hearing was held on April 23, 2015, he
attended, and he was ordered deported. See Exhibit 5.
Madero-Gil was subsequently deported on April 27, 2015,
see Exhibit 6, but re-entered the United States
illegally on at least six subsequent occasions and was
eventually detained. On each occasion, the 2015 order
of his deportation was reinstated, resulting in
Madero-Gil being deported each time, in 2015. See
Exs. 7-15.

Defendant was indicted in this action for illegal reentry in violation of 8 U.S.C. § 1326(a) (Docket Entry No. 1). In his Motion defendant argues that as a result of the United States Supreme Court's recent decision in Pereira v. Sessions, 138 S. Ct. 2105, 2110-14 (2018), the immigration judge lacked subject matter jurisdiction, rendering the 2015 removal order void. Defendant also argues that the underlying removal order "violated due process and violated 8 U.S.C. § 1326(d)" (Defendant's Motion, Docket Entry No. 15, page 1).

---

[1]The NTA required defendant to appear at a date and time "to be set."

There is no authority by the United States Court of Appeals for the Fifth Circuit that directly addresses the effect of Pereira on indictments under 8 U.S.C. § 1326. District courts have reached differing conclusions. Having carefully considered these opinions the court concludes that the December 14, 2018, Memorandum and Order entered by Judge Diana Saldaña in <u>United States of America v. Guillermo Malagamba-De Leon</u>, Criminal Action No. 5:18-00691, correctly analyzes and resolves these issues raised by Defendant's Motion. As Judge Saldaña explained,

> . . . even assuming without deciding that Defendant's jurisdictional arguments are correct, he is still not entitled to the relief he seeks. A jurisdictionally defective removal order may still serve as the basis for a Section 1326 prosecution, and a Section 1326 defendant who seeks to challenge his underlying removal order on jurisdictional grounds must still satisfy all three requirements of Section 1326(d).

Memorandum and Order in 5:18-00691, Docket Entry No. 27, p. 17.

8 U.S.C. § 2326(d) provides:

(d) Limitation on collateral attack on underlying deportation order

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

If a defendant fails to satisfy any of these elements, the court need not consider the other elements. See United States v. Mendoza-Mata, 322 F.3d 829, 832 (5th Cir. 2003).

A removal order of an immigration judge may be appealed to the Board of Immigration Appeals ("BIA"). See 8 C.F.R. § 1003.3. Defendant does not argue that he exhausted available administrative remedies by appealing his April 23, 2015, removal order. The record reflects that defendant waived his right to appeal the order.[2] Defendant argues that he is not required to exhaust his administrative remedies because the immigration proceedings were void under Pereira. But a court's exercise of apparent jurisdiction, even if erroneous, is not subject to collateral attack if the party seeking to challenge the order had the prior opportunity to challenge jurisdiction and failed to do so.[3] See, e.g., Royal Insurance Company of America v. Quinn-L Capital Corporation, 960 F. 2d 1286, 1293 (5th Cir. 1992); United States v. Hansard, 2007 WL 2141950, *1 (5th Cir. 2007). Therefore, even assuming arguendo that the immigration judge lacked jurisdiction,

---

[2]April 23, 2015, Order of the Immigration Judge, Attachment 1 to Government's Response (Government Exhibit 5), Docket Entry No. 17-1, page 18.

[3]Even assuming that the failure to include the date and time of the removal proceeding in the NTA deprived the immigration judge of subject matter jurisdiction, the immigration judge would have reasonably believed that jurisdiction existed.

defendant was required to exhaust his administrative remedies in order to challenge the underlying removal order. It is undisputed that he failed to do so.

Defendant has also failed to show that the 2015 removal proceeding improperly deprived him of the opportunity for judicial review. After being served with the NTA, defendant requested an immediate hearing,[4] made no application for relief from removal, and waived his right to appeal the removal order.[5] Defendant's decision to waive his right to appeal the removal order precludes him from satisfying the second requirement for a collateral challenge under § 1326(d).

Nor has defendant demonstrated that entry of the removal order was prejudicial or otherwise unfair. Entry of a removal order may be fundamentally unfair or prejudicial to the defendant if there is a "reasonable likelihood that but for the errors complained of the defendant would not have been" removed. See Mendoza-Mata, 322 F.3d at 832 (citation omitted). There is nothing in the record to indicate that if the NTA had included the date and time for the removal proceeding, the proceeding would not have resulted in defendant's removal.

---

[4]NTA, Attachment 1 to Government's Response (Government Exhibit 4), Docket Entry No. 17-1, page 17.

[5]April 23, 2015, Order of the Immigration Judge, Attachment 1 to Government's Response (Government Exhibit 5), Docket Entry No. 17-1, page 18.

Because defendant has failed to establish any of the three § 1326(d) requirements to challenge collaterally his prior removal order, Defendant's Motion to Dismiss the Indictment (Docket Entry No. 15) is **DENIED**.

**SIGNED** at Houston, Texas, on this 15th day of January, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE